UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIMA MOHAMMAD POUR NEJATIAN,<br>20720 4th Street, Apt. 10,<br>Saratoga, CA 95070,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE DUKE, Acting Secretary, U.S. Department of Homeland Security, in her official capacity as well as her successors and assigns,<br>245 Murray Lane, S.W., Building 410, Washington, D.C. 20528,<br><br>and<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, in his official capacity as well as his successors and assigns,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001,<br><br>and<br><br>CHRISTOPHER WRAY, Director, Federal Bureau of Investigation, U.S. Department of Justice, in his official capacity, as well as his successors and assigns, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535,<br><br>and<br><br>JAMES McCAMENT, Acting Director, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns,<br>20 Massachusetts Avenue, N.W., Washington, D.C. 20529,<br><br>and | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS<br><br>CIVIL ACTION NO. _____<br><br>ALIEN NO.: A208647656<br><br>AGENCY CASE NUMBER: LIN1611950274<br><br>REQUEST FOR ORAL ARGUMENT |

| | |
|---|---|
| DONALD NEUFELD, Associate Director, Service Center Operations Directorate, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529, <br><br>and, <br><br>KRISTINE R. CRANDALL, Acting Center Director, Nebraska Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns, 700 R Street, Lincoln, NE 68501 <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS**

Plaintiff, Nima Mohammad Pour Nejatian, through undersigned counsel, alleges as follows:

### I. INTRODUCTION

1. This civil action seeks to compel unreasonably delayed government action on the adjudication of a Form I-485 Application for Adjustment of Status ("I-485 application") to Lawful Permanent Resident ("LPR") status properly filed by the Plaintiff on or about March 25, 2016. The Application was filed and remains in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on the I-485 application for **approximately 529 days**, to Plaintiffs' detriment.

2. When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the

2

Immigration and Nationality Act ("INA") (which include I-485 Applications) "should be completed not later than **180 days** after the initial filing of the application...." 8 U.S.C. §1571(b).

3. The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

4. This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiff's I-485 application. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

5. Plaintiff has made multiple inquiries to USCIS regarding the delayed adjudication of the I-485 application, without success. Plaintiff has not been advised of any specific problem, issue, or question about the filing. Instead, Plaintiff has simply been told that the I-485 application was being subjected to further review and that he has to wait, indefinitely, with no end in sight.

6. As a result, Plaintiff suffers the hardship of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7. This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiff's National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of the I-485 application.

8. Plaintiff seeks an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 application within fourteen (14) days of an Order of this Court.

9. Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10. This Honorable Court has subject matter jurisdiction over the claims alleged in

3

this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (INA) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act). This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

### III. VENUE

11.   Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Acting Secretary Elaine Duke is an officer of the Department of Homeland Security (DHS) and is responsible for the operation of DHS and its sub-agencies, which are headquartered in the District of Columbia. The functions of DHS include performing clearances I-485 applicants through records and databases. Defendant Duke performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant U.S. Attorney General Jefferson B. Sessions, III is an officer of the U.S. Department of Justice (DOJ), which is headquartered in the District of Columbia. The functions of the DOJ include performing clearances for I-485 applicants through records and databases. Defendant Sessions performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Christopher Wray is an officer of the DOJ and Director of the Federal Bureau of Investigation (FBI), which is headquartered in the District of Columbia. The functions of the FBI include performing clearances for I-485 applicants through records and databases. Defendant Wray performs a significant amount of his official duties in the District of

Columbia and resides, for purposes of venue, within the District of Columbia;

    d. Defendants James McCament and Donald Neufeld are officers of the DHS and are the Acting Director and Associate Director of USCIS, respectively, which is headquartered in the District of Columbia. Defendants McCament and Neufeld perform a significant amount of their official duties in the District of Columbia and reside, for purposes of venue, within the District of Columbia;

    e. Defendant Kristine R. Crandall is an officer of the DHS and USCIS. Defendant Campagnolo is the Acting Director of the Nebraska Service Center. Defendant Campagnolo retains jurisdiction over the I-485 application in question, subject to the discretion of Defendants McCament and Neufeld, both of whom reside in the District of Columbia;

    f. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

    g. Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed U.S. Government Defendants perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

    h. Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

Court for the District of Columbia.

### IV. PARTIES

12. Plaintiff, Nima Mohammad Pour Nejatian, is an adult individual who is a national of Iran and resides lawfully in the United States. He resides at 20720 4th Street, Apartment 10, Saratoga, California, 95070. *See* Affidavit of Nima Mohammad Pour Nejatian, dated August 31, 2017, a copy of which is attached and incorporated hereto as Exhibit A.

13. Defendant Elaine Duke is the Acting Secretary of DHS and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing the DHS, which includes sub-agencies, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, DC 20598.

14. Defendant Jefferson B. Sessions III is the U.S. Attorney General and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the DOJ. More specifically, Mr. Sessions is responsible for overseeing the timely completion of all requests made for security administrative processing clearances and security checks, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450. Presently, every intending immigrant must pass at least FBI NNCP, IAFIS, and NCIC-III screenings before his or her I-485 application can be approved. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC, 20530-0001.

15. Defendant Christopher Wray is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made for security administrative processing clearances and

security checks, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC, 20535-0001.

16. James McCament is the Acting Director of USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is specifically assigned the adjudication of I-485 applications. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC, 20529.

17. Donald Neufeld is the Associate Director, Service Center Operations at USCIS. He is generally charged with overseeing the activities of all four (4) USCIS service centers located in Laguna Niguel, California; Dallas, Texas; Lincoln, Nebraska; and St. Albans, Vermont. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC, 20529.

18. Kristine R. Crandall is the Acting Director of the Nebraska Service Center of the USCIS, which is located at 850 S Street, Lincoln, Nebraska 68501, and is named herein only in her official capacity, as well as her successors and assigns. The I-485 application in question was transferred by USCIS to the Nebraska Service Center at some time after it was filed with USCIS. *See* Exhibit B and Exhibit C.

### V. STATEMENT OF FACTS

**A. Process to Become a Lawful Permanent Resident**

19. An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity. The intending immigrant's actual or potential employer initiates the first two stages. First, the employer files an ETA-9089 Application for Alien Employment Certification, also known as a Labor Certification application ("LC"), with the

U.S. Department of Labor ("DOL"). The DOL grants certification when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment. *See* 8 U.S.C. §1182(a)(5)(A).

20. Second, if DOL grants the LC requested, the employer must then file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer certified by the DOL. The intending immigrant is referred to as the "beneficiary" of the I-140 Petition. USCIS examines evidence filed with the petition to determine eligibility for the benefit requested. *See* 8 U.S.C. §§1153(b) and 1154(b).

21. Third, the intending immigrant files an I-485 application with USCIS requesting LPR status based on the I-140 Petition. This may be filed concurrently with the I-140 petition. *See* 8 C.F.R. §245.2(a)(2)(i). However, an approved I-140 petition is a prerequisite to the approval of the I-485 application. *See* 8 U.S.C. §1255(a).

**B.   Case History**

22. On or about September 28, 2015, Plaintiff's employer, WiMAX Forum, filed an LC on Plaintiff's behalf. The LC was certified on February 18, 2016. *See* Exhibit A.

23. On or about March 25, 2016, WiMAX Forum filed an I-140 petition on behalf of the Plaintiff and the Plaintiff concurrently filed an I-485 application. On March 31, 2016, the I-140 petition was approved. *See* Exhibit A, Exhibit B, Exhibit D, and Exhibit E.

24. On or about November 11, 2016, Plaintiff's counsel, contacted the National Customer Service Center and opened a service request regarding his I-485 application. On December 1, 2016, USCIS issued a response to this service request stating that the I-485 application was pending adjudication and that additional reviews were performed which resulted in a longer processing time. *See* Exhibit A and Exhibit F.

25. On or about June 1, 2017, Plaintiff's counsel, contacted the National Customer Service Center and opened another service request regarding the Plaintiff's I-485 application.

8

*See* Exhibit A.

26. Subsequently, the Plaintiff contacted U.S. Senator Dianne Feinstein for assistance regarding the I-485 application. Senator Feinstein submitted an inquiry to USCIS. *See* Exhibit A.

27. On or about June 21, 2017, Plaintiff, through counsel, contacted U.S. Senator Rob Portman for assistance regarding his I-485 application. The inquiry response also stated the application was in process. *See* Exhibit A.

28. On June 27, 2017, USCIS responded to Plaintiff counsel's service request and again stated that additional reviews were delaying the processing of the application. *See* Exhibit A and Exhibit G.

29. On or about July 9, 2017, the Plaintiff contacted U.S. Congresswoman Anna Eshoo for assistance regarding the I-485 application. Subsequently, Congresswoman Eshoo contacted USCIS requesting an update on the status of the application. On July 12, 2017, USCIS responded again stating that the application was under an extended review process and that if the Plaintiff did not receive a decision or notice of action within 90 days, he should contact USCIS again. *See* Exhibit A and Exhibit H.

30. On July 19, 2017, the Plaintiff received a letter from Senator Feinstein's office stating that USCIS had responded to their inquiry. The letter further stated that USCIS informed Senator Feinstein's office that the I-485 application was "pending security checks" and that USCIS could not provide a timeframe for when the process would be completed. *See* Exhibit A and Exhibit I.

31. On or about August 3, 2017, Plaintiff's current employer, TM Technologies, Inc. filed a Form I-485 Supplement J, requesting job portability to a new position after the approval of his pending I-485. *See* Exhibit J.

32. It has now been **approximately 529 days** since Plaintiff properly filed his I-485 applications with USCIS.

33. The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States for permanent residence. 8 U.S.C. §1151(a). The Department of State publishes a monthly Visa Bulletin to track and announce the availability of these visas. The Department of State's monthly Visa Bulletin for the month of September 2017 demonstrates that an immigrant visa is currently available to Plaintiff. *See* U.S. Department of State Visa Bulletin for September, a partial copy of which is attached and incorporated hereto as Exhibit K. Plaintiff's priority date is September 28, 2015, in the Employment-Based Second (EB-2) / All Charge-ability Areas Except Those Listed category. The Visa Bulletin for September 2017 shows that visa numbers are available in the EB-2 category for Iranian foreign national applicants with a cut-off date of January 1, 2016. As Plaintiff's priority date is earlier than the cut-off date, he is a member of the class eligible for approval of their I-485 applications. *See* Exhibit A.

34. Due to extreme delays, the Plaintiff's I-485 application is still pending with USCIS. *See* Exhibit A.

35. An Immigrant Visa is immediately available to Plaintiff, and Plaintiff is eligible for adjustment of status to LPR. 8 U.S.C. §1255(a); 8 C.F.R. §245.2(a)(2).

36. Plaintiff has completed all steps required regarding these cases. *See* Exhibit A.

37. Congress set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit applications (which include I-485 applications) when it enacted the Immigration Services and Infrastructure Improvements Act of 2000. Congress indicated that adjudication of such applications "should be completed not later than 180 days after the filing of the initial filing of the application...." *See* 8 U.S.C. §1571(b).

38. Based on USCIS's own published processing times, the USCIS's Nebraska Service Center (where Plaintiff's application may be pending) is now adjudicating I-485 applications that were filed on November 2, 2016. Yet Defendants have not adjudicated Plaintiff's I-485 application which was filed on or about March 25, 2016. *See* USCIS Processing

Time Information for Nebraska Service Center, posted June 30, 2017, a copy of which is attached and incorporated hereto as Exhibit L.

**D.    USCIS and FBI Security Checks**

39.    Once any application for an immigration benefit is filed, which includes I-485 applications, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed. These security checks include the FBI Name Check, which is part of the NNCP. *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit M.

40.    In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found. *See* Exhibit M, page 2.

41.    The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded. Initial responses to the NNCP check are generally available within two (2) weeks. In eighty percent (80%) of Applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See* Exhibit M, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

42.    The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours. Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases. Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information. *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit N.

43. On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated. The Update indicated that by the end of June 2009, the FBI will have completed 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months. *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit O.

E. **Exhaustion of Administrative Remedies**

44. Plaintiff, individually or through counsel, have contacted Defendants on multiple occasions regarding the adjudication of Plaintiff's I-485 application. *See* Exhibit A.

45. There are no further administrative remedies available to Plaintiff to redress their grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

48. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

49. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

50. Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-485 application, and to do so within a reasonable time.

51. Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a

mandatory, non-discretionary duty to adjudicate Plaintiff's I-485 application. *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and Applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

52. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject applications, not the grant or denial of these filings.

53. The INA indicates that a reasonable time period for USCIS to adjudicate applications for immigration benefits (which include I-485 applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 applications, should be completed not later than 180 days after the initial filing of the application).

54. Based on the USCIS' own published processing times, the USCIS Nebraska Service Center (where Plaintiff's application may be pending) is adjudicating I-485 applications submitted on or before November 2, 2016, yet has not adjudicated Plaintiffs' applications which was filed on or about May 14, 2012. *See* Exhibit B and Exhibit L.

55. USCIS' delay in adjudication of the Plaintiffs' I-485 applications of approximately 529 days, since the subject case was filed is unreasonable and in violation of the APA.

56. Plaintiff has exhausted administrative remedies.

57. USCIS' unreasonable and unlawful delay in adjudication of Plaintiff's I-485 application has caused, and is causing, Plaintiff ongoing and substantial injuries.

### Count II

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform her/his Duty)**

58. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

herein.

59. Plaintiff asserts claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiff.

60. USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's I-485 application. *See, e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications), and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

61. USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's I-485 application within a reasonable time.

62. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of the subject application, not the grant or denial of these filings.

63. The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits and for Adjustment of Status is within 180 days of initial filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Application, should be completed not later than 180 days after the initial filing of the application).

64. Based on the USCIS' own published processing times, the USCIS Nebraska Service Center (where Plaintiff's application may be pending) is adjudicating I-485 applications submitted on or before November 2, 2016, yet has not adjudicated Plaintiff's own application, which was filed in March 2016. *See* Exhibit A, Exhibit B and Exhibit L.

65. Against these standards, DHS/USCIS have failed to adjudicate the subject applications within a reasonable period of time, considering that approximately 529 days have passed since Plaintiff filed his I-485 application.

66. Plaintiff has no other adequate remedy to compel the agency to perform its duty,

since Plaintiff has contacted USCIS without results or indication of when adjudication of this case might be forthcoming.

67. Plaintiff asks the Court to compel DHS Acting Secretary Elaine Duke, USCIS Acting Director James McCament, Associate Director Donald Neufeld, and Nebraska Service Center Acting Director Kristine R. Crandall to perform their duties and adjudicate Plaintiff's I-485 application.

68. USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 application has caused, and is causing, Plaintiff ongoing and substantial injury.

### Count III

### (Violation by DOJ/FBI of 5 U.S.C. §555(b))

69. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

70. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

71. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

72. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

73. Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

74. Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

75. Plaintiff's Complaint challenges only the reasonableness of Defendants' delay or

inaction in the completion of the NNCP checks on the subject I-485 application, not the grant or denial of these filings.

76. Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that approximately 529 days, have passed since the Plaintiff filed the I-485 application in question, which is far in excess of the average time it takes the FBI to complete a name check.

77. Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 application is preventing adjudication by USCIS.

78. Plaintiff has exhausted the administrative remedies.

79. The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 application has caused, and is causing, Plaintiff's ongoing and substantial injuries.

**Count IV**

**(Mandamus Action to Compel an Officer of DOJ/FBI to Perform her/his Duty)**

80. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

81. Plaintiff asserts a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiff.

82. The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 application. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

83. The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 application within a reasonable time.

84. Plaintiff has a clear and certain right to have the NNCP name checks for the subject I-485 application completed within a reasonable period of time.

85. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 application, not the grant or denial of these cases.

86. The FBI has failed to complete the NNCP name checks on the subject I-485 application within a reasonable period of time, considering that approximately 525 days have passed since Plaintiff filed his I-485 application. This time period is far in excess of the average time it takes the FBI to complete a Name Check.

87. Plaintiff has no other adequate remedy to compel the agency to perform its duty.

88. Plaintiff asks this Court to compel Defendants Attorney Jefferson B. Sessions III and FBI Director Christopher Wray to complete the FBI National Name Check Program clearances on the subject I-485 application, which is required for the USCIS to adjudicate the I-485 application.

89. The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiff ongoing and substantial injuries.

## VII. INJURIES TO PLAINTIFF

90. The USCIS' unreasonable delay in adjudicating the subject I-485 application is causing Plaintiff substantial harm. Plaintiff's ability to travel abroad and ability to work are restricted during the pendency of these applications. Plaintiff is unable to plan for the future. *See* Exhibit A.

91. The USCIS' unreasonable delay is preventing Plaintiff from obtaining LPR status in the United States. This status would provide Plaintiff with the following benefits: the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A.

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Declare that Defendants' delay in adjudicating Plaintiff's I-485 application (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2) Compel Defendant Acting Secretary Elaine Duke, Defendant Acting Director James McCament, Defendant Associate Director Donald Neufeld, and Defendant Acting Director Kristine R. Crandall to perform their duty to adjudicate Plaintiff's I-485 application;

(3) Compel Defendant Attorney General Jefferson B. Sessions III and Defendant Director Christopher Wray to complete the name, background and security checks for the subject I-485 application;

(4) Compel Defendants to complete all necessary steps and adjudicate the subject I-485 application within fourteen (14) days of an Order of this Court;

(5) Grant such other relief as this Court deems proper under the circumstances; and

(6) Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the EAJA.

Respectfully submitted on this 5th day of September 2017.

/s/ Aron A. Finkelstein, Esquire
U.S. District Court Bar # MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorneys for Plaintiffs